

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-849
Re: When county officers are paid
under the Officers' Salary
Law, should the county also
pay to the assessor-collector
of taxes its one-half of the
assessing fees and the assessor-
collector, in turn, pay same
into the Officers' Salary Fund
for the county's part in as-
sessing the taxes, just as he
does when the State pays its
one-half to him for assessing
the taxes?

     Your letter of recent date, requesting the
opinion of this Department on the above question, has
been given our careful attention.

     Section 5 of Article 3912e, Vernon's Annotat-
ed Civil Statutes, reads as follows:

     "Sec. 5. In all cases where the Com-
missioners' Court shall have determined
that county officers or precinct officers
in such county shall be compensated for
their services by the payment of an annual
salary, neither the State of Texas nor any
county shall be charged with or pay to any
of the officers so compensated, any fee or
commission for the performance of any or
all of the duties of their offices but such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

officers shall receive said salary in lieu
of all other fees, commissions or compensa-
tion which they would otherwise be authorized
to retain; provided, however, that the assessor
and collector of taxes shall continue to col-
lect and retain for the benefit of the Officers'
Salary Fund or funds hereinafter provided for
all fees and commissions which he is authorized
under law to collect; and it shall be his duty
to account for and to pay all such monies re-
ceived by him into the Fund created and provid-
ed for under the provision of this Act; pro-
vided further, that the provisions of this Sec-
tion shall not affect the payment of costs in
civil cases by the State but all such costs so
paid shall be accounted for by the officers
collecting the same, as they are required under
the provisions of this Act to account for fees,
commissions and costs collected from private
parties." (underscoring ours)

The underlying purpose of the Officers' Salary
Law, Article 3912e, supra, is that the fees and commissions,
otherwise receivable by the county officers, should be paid
into and make up the Officers' Salary Fund. This is shown
by Section 3, above quoted, and by Section 5 thereof, which
provides in part as follows:

"Sec. 5. It shall be the duty of all
officers to charge and collect in the manner
authorized by law all fees and commissions
which are permitted by law to be assessed and
collected for all official services performed
by them. As and when such fees are collect-
ed they shall be deposited in the Officers'
Salary Fund, or funds provided in this Act..."

Accordingly, you are respectfully advised that the
county should pay to the assessor-collector the fees other-
wise receivable by him from the county, whereupon the assessor-
collector should deposit same in the Officers' Salary Fund
in the same manner as fees received by him from the State.

Hon. Charles R. Martin, Page 3

        We trust this answers your inquiry satisfactorily and we remain,

                            Very truly yours

                            ATTORNEY GENERAL OF TEXAS

                            By *Wm. J. Fanning*
                                    Wm. J. Fanning
                                        Assistant

                            By *Zollie C. Steakley*
                                    Zollie C. Steakley

ZCS:AW




                    APPROVED DEC 13, 1939
                    *Gerald C. Mann*

                    ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN